IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS,
ABILENE DIVISION

| | | |
|---|---|---|
| IREAL SCOTT and ANNIE SCOTT, | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| CELAL KIZILTAN and HAZEL | § | |
| TRANSPORTATION, INC., | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, CELAL KIZILTAN AND HAZEL TRANSPORTATION, INC., Defendants in the above entitled and numbered cause, and file this, their Notice of Removal under 28 U.S.C. §1446(a), and for same would respectfully show unto the Court as follows:

### A.  Introduction

1.     On September 11, 2017, Plaintiffs sued Defendants for personal injuries in the 118th Judicial District Court of Howard County, Texas, Cause No. 52168.

2.     Defendants received notice of the suit on September 20, 2017.  Defendants file this Notice of Removal within the 30 day time period required by 28 U.S.C. §1446(b).

### B.  Basis of Removal

3.     Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a).  Plaintiffs are citizens of Texas.  Defendant Celal Kiziltan is a citizen of New Jersey. Defendant Hazel Transportation, Inc. was a citizen of New Jersey, as it was incorporated in New Jersey and held its principal place of business in New Jersey until it was dissolved.

4.     Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a).  Plaintiffs' Original Petition states that they seek "monetary relief in excess

of $200,000.00 for their personal injuries." *See* Exhibit 1, Plaintiffs' Original Petition and Request for Disclosure, ¶ 17.

5.     All Defendants consent to removal of this case to federal court.

6.     Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

7.     Venue is proper in this district under 28 U.S.C. 1441(a) because the state court where the suit has been pending is located in this district.

8.     Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

## C. Jury Demand

9.     Plaintiffs did demand a jury in the state court suit.  Likewise, Defendants demand a trial by jury on all issues.

**WHEREFORE PREMISES CONSIDERED,** Defendants ask the Court to remove this lawsuit to the United States District Court for the Northern District of Texas, Abilene Division.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/S/ DREW T. PETERS*

_____

**THOMAS W. FEE**
State Bar No. 06873160
**DREW T. PETERS**
State Bar No. 24070408
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]
**tfee@feesmith.com**
**dpeters@feesmith.com**

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been E-SERVED to all attorneys of record in this cause of action on the 20TH day of October, 2017.

*Via E-FILE*
Chad Pinkerton
Joshua Hilbe
The Pinkerton Law Firm, PLLC
5020 Montrose Blvd., Ste. 550
Houston, TX  77006

*/S/ DREW T. PETERS*

_____

**DREW T. PETERS**

# EXHIBIT "1"

Filed 9/11/2017 5:00 PM
Colleen Barton
District Clerk
Howard County, Texas

Jury Padron

CAUSE NO. _____52168_____

| | | |
|---|---|---|
| IREAL SCOTT and ANNIE SCOTT, | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HOWARD COUNTY, TEXAS |
| | § | |
| CELAL KIZILTAN, and HAZEL | § | |
| TRANSPORTATION, INC. | § | |
| *Defendants.* | § | IN THE __118th__JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE COURT:**

Plaintiffs IREAL and ANNIE SCOTT file this Original Petition complaining of

Defendants, and would respectfully show the Court the following:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil

Procedure 190.3.

### B. PARTIES

2.      Plaintiffs Ireal and Annie Scott are residents of Brazoria County, Texas, and may

be served by and through his attorneys of record: The Pinkerton Law Firm, PLLC, C. Chad

Pinkerton and Benjamin R. Roberts, 5020 Montrose Blvd., Suite 550, Houston, Texas 77006.

3.      Defendant Celal Kiziltan is an individual. Defendant may be served with process

at his home 2500 Rachel Terrace, Apartment #10, Pine Brook, New Jersey 07058.

4.      Defendant Hazel Transportation, Inc. is a for-profit corporation. Defendant may be

served with process at 2500 Rachel Terrace, Apartment #10, Pine Brook, New Jersey 07058.

### C. JURISDICTION

5.      The amount in controversy is within the jurisdictional limits of this Court. The State

of Texas has both specific and general jurisdiction over all parties. Plaintiffs reside in Texas.

Defendants each maintain sufficient minimum contacts with the State of Texas such that they could reasonably expect to be haled into court in Texas. Specifically, Defendants own and operate one or more commercial transportation vehicles requiring Defendants to travel throughout the United States, including in Texas. Furthermore, the incident made the basis of this lawsuit occurred in Texas, giving a Texas Court specific jurisdiction over Defendants. Thus, jurisdiction is proper.

### D. VENUE

6.      Venue is proper pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code because the incident occurred in Howard County, Texas. Thus, venue is proper.

### E. MISNOMER/ALTER EGO AND REQUEST PURSUANT TO RULE 28

7.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

8.      To the extent that either Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs demand that, upon answer to this petition, that Defendants answer in its correct legal and assumed name.

### F. FACTUAL BACKGROUND

9.      Defendant Celal Kiziltan works as commercial vehicle driver for Defendant Hazel, a licensed FMSCA Motor Carrier. Upon information and belief, as a result of his work, Defendant Kiziltan is routinely driving loads across the United States, including but not limited to Texas, for Defendant Hazel. During the month of September of 2015, Defendants were traveling on such a

trip that took them into Texas. On or about September 10, 2015, Defendant Kiziltan had pulled his

commercial vehicle into a TA Travel Center in Big Spring, Texas.

10.     On the same day, Plaintiffs also pulled off at TA Travel Center in Big Spring,

Texas. Mrs. Scott was napping in the overhead sleeper cabin of their vehicle and Mr. Scott was

about to get out of the cab to get food for the two of them when Defendant Kiziltan began to pull

out his vehicle. In the process of pulling out his vehicle, Defendant Kiziltan suddenly and without

any prior warning cut hard to the right. Defendant's trailer collided with Plaintiffs' truck, shaking

the entire tractor. The resulting collision caused the door of Plaintiffs' vehicle to slam against the

entire left side of Mr. Scott's body and violently tossed Mrs. Scott from the sleeper cabin and into

the passenger side dash. Both Plaintiffs suffered severe and traumatic injuries resulting from the

collision caused by Defendant. At all times relevant, Defendant Kiziltan was believed to be acting

within the course and scope of his employment with Defendant Hazel.

### G. CAUSE OF ACTION 1: NEGLIGENCE

11.     Herein, Plaintiffs allege that Defendant was negligent and that Defendant's

negligence proximately caused the incident wherein Plaintiffs suffered personal injuries.

Defendant was negligent in the following ways:

   a.   Failing to keep a proper lookout;

   b.   Failing to operate a motor vehicle in a safe and reasonable manner; and

   c.   Failing to check mirrors before pulling out or turning right in tight quarters.

### H. CAUSE OF ACTION 2: NEGLIGENCE PER SE

12.     The occurrence made the basis of this suit, and the resulting injuries and damages

of Plaintiffs, were proximately caused by the negligence *per se* of Defendant. Defendant operated

the vehicle in a negligent manner by violating a number of statutes and ordinances, including but
not limited to the following:

    a.  TEX. TRANS. CODE § 545.401 (Reckless Driving).

### I. CAUSE OF ACTION 3: GROSS NEGLIGENCE

13.    Herein, Plaintiffs allege that Defendants' actions were grossly negligent, in that,
when viewed objectively from Plaintiffs' standpoint at the time of the accident, the conduct
involved an extreme degree of risk, considering the probability and magnitude of the potential
harm to others. Defendants had actual, subjective awareness of the risk involved, but, nevertheless,
continued with conscious indifference to Plaintiffs' rights, safety, and welfare.

### J. VICARIOUS LIABILITY

14.    Defendants are legally responsible to Plaintiff for the negligent conduct of their
respective vice-principals, and for the negligent conduct of Defendants' other respective
employees, agents, servants and representatives under the legal doctrines of *respondeat superior*,
agency and/or ostensible agency because Defendants' vice principals and the Defendant
employees were at all times material hereto agents, ostensible agents, servants and/or employees
of Defendants, and were acting within the course and scope of their respective agency, servitude
or employment. As a result thereof, Defendants are vicariously liable for all negligence of its vice-
principals and Defendants' other employees, agents, servants and representatives.

### K. JURY DEMAND

15.    Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## L.  REQUEST FOR DISCLOSURE

16.    Plaintiffs hereby request that Defendants disclose the information set forth in Texas Rule of Civil Procedure 194.2 within the time prescribed by law and that Defendants supplement such responses on an ongoing basis as soon as additional information becomes known.

## PRAYER

17.    For these reasons, Plaintiffs ask that the court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

   a.   actual damages;

   b.   exemplary damages;

   c.   prejudgment and post-judgment interest;

   d.   court costs; and

   e.   all other relief to which Plaintiff is entitled.

Herein, Plaintiffs demand monetary relief in excess of $200,000.00 for their personal injuries that make the basis of this lawsuit.

Respectfully submitted,

THE PINKERTON LAW FIRM, PLLC

/s/Joshua R. Hilbe
**Chad Pinkerton**
Tx. Bar Roll No. 24047199
**Joshua R. Hilbe**
Tx. Bar Roll No. 24092513
5020 Montrose Blvd, Suite 550
Houston, Texas 77006
713-360-6722 (office)
713-360-6810 (facsimile)
www.ChadPinkerton.com

COLLEEN BARTON, DISTRICT CLERK                          JOSHUA R. HILBE
312 SCURRY                                              THE PINKERTON LAW FIRM PLLC
BIG SPRING, TX 79720                                    5020 MONTROSE BLVD SUITE 550
                                                        HOUSTON TX 77006

THE STATE OF TEXAS

NOTICE OF DEFENDANT: "You have been sued  You may employ an attorney.  If you or your attorney do not file a
written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days
after you were served this citation and petition, a default judgment may be taken against you."

**To: Celal Kiziltan , 2500 Rachel Terrace #10, Pine Brook, New Jersey, 07058, Defendant, Greeting:**

You are hereby commanded to appear before the 118ᵗʰ District Court of Howard County, Texas, to be held at the
courthouse of said County in the City of Big Spring, Howard County, Texas by filing a written answer to the petition of
plaintiff (s) at or before 10 o'clock on the Monday next after the expiration of 20 days after the date of service hereof, a
copy of which accompanies this citation, filed in said court on the  11th day of September, 2017, in cause number 52168,
styled

**Annie Scott**
**Vs.**
**Hazel Transportation, Inc.**

Issued and given under my hand seal of said court at office on this the 12th day of September, 2017.



                                                        COLLEEN BARTON
                                                        District Clerk of Howard County, Texas

                                                        By _____, Deputy

              **OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____.M.
Executed the _____ day of _____, 20_____, by delivering to the within named
_____, in person, a true copy of this citation with a copy of the petition attached
thereto on _____ day of _____, 20_____, at _____ o'clock _____. M. at
_____ in _____ County, Texas.

[ ] Not executed.  The diligence used in finding said defendant(s) being:

_____

_____

[ ] Information received as to the whereabouts of said defendant(s) being:

_____

_____

FEES:  $_____                      _____, Sheriff
                                         _____, County Texas

                                         By:_____, Deputy

Cause No. 52168

<u>**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT.**</u>

In accordance with Rule 107: The officer or authorized person who serves or attempts to serve a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is _____

My date of birth is _____, and

My address is _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

_____

Declarant/Authorized Process Server

_____

(ID# and expiration of certification)

COLLEEN BARTON, DISTRICT CLERK          JOSHUA R. HILBE
312 SCURRY                              THE PINKERTON LAW FIRM PLLC
BIG SPRING, TX 79720                    5020 MONTROSE BLVD SUITE 550
                                        HOUSTON TX 77006

THE STATE OF TEXAS

NOTICE OF DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk who issued this citation by 10.00 a.m. on Monday next following the expiration of twenty days
after you were served this citation and petition, a default judgment may be taken against you."

**To: Celal Kiziltan , 2500 Rachel Terrace #10, Pine Brook, New Jersey, 07058, Defendant, Greeting:**

You are hereby commanded to appear before the 118th District Court of Howard County, Texas, to be held at the
courthouse of said County in the City of Big Spring, Howard County, Texas by filing a written answer to the petition of
plaintiff (s) at or before 10 o'clock on the Monday next after the expiration of 20 days after the date of service hereof, a
copy of which accompanies this citation, filed in said court on the  11th day of September, 2017, in cause number 52168,
styled

**Annie Scott
Vs.
Hazel Transportation, Inc.**

Issued and given under my hand seal of said court at office on this the 12th day of September, 2017.



                                        ————————————————————————————
                                        COLLEEN BARTON
                                        District Clerk of Howard County, Texas

                                        By: _____ , Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____.M.
Executed the _____ day of _____, 20_____, by delivering to the within named
_____. in person, a true copy of this citation with a copy of the petition attached
thereto on _____ day of _____, 20_____, at _____ o'clock _____. M. at
_____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding said defendant(s) being:

_____
_____

[ ] Information received as to the whereabouts of said defendant(s) being:

_____
_____

FEES: $_____                       _____ , Sheriff
                                        _____ , County Texas

                                        By: _____ , Deputy

Cause No. 52168

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves or attempts to serve a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is _____

My date of birth is _____, and

My address is _____

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.**

Executed in _____ County, State of _____, on the _____ day of _____, 20_____.

_____
Declarant/Authorized Process Server

_____
(ID# and expiration of certification)

Filed 10/10/2017 4:57 PM
Colleen Barton
District Clerk
Howard County, Texas

CTCM.7238

## CAUSE NO. 52168

| | | |
|---|---|---|
| IREAL SCOTT and ANNIE SCOTT | § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| V. | § | HOWARD COUNTY, TEXAS |
| | § | |
| CELAL KIZILTAN and HAZEL | § | |
| TRANSPORTATION, INC. | § | |
| Defendants | § | 118TH JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, CELAL KIZILTAN AND HAZEL TRANSPORTATION, INC., Defendants in the above entitled and numbered cause, and file this their Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demand strict proof thereof, and say this is a matter for a jury decision.

### II.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury.

**WHEREFORE PREMISES CONSIDERED,** Defendants pray that Plaintiff takes nothing by their suit, that Defendants go hence with their costs without delay, and for such other and further relief, both general and special, at law or in equity, to which Defendants may show themselves justly entitled.

DEFENDANTS' ORIGINAL ANSWER                                                    Page 1

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/S/ DREW T. PETERS*

_____

**THOMAS W. FEE**
State Bar No. 06873160
**DREW T. PETERS**
State Bar No. 24070408
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]
**tfee@feesmith.com**
**dpeters@feesmith.com**

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been E-SERVED to all attorneys of record in this cause of action on the 10th day of October, 2017.

    *Via E-FILE*
Chad Pinkerton
Joshua Hilbe
The Pinkerton Law Firm, PLLC
5020 Montrose Blvd., Ste. 550
Houston, TX  77006

        */S/ DREW T. PETERS*
        _____
        **DREW T. PETERS**